# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-613V
### Filed: May 26, 2026

|  |  |
|---|---|
| LINDA BUTLER,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Master Horner |

*Laura Levenberg, Muller Brazil, Dresher, PA, for petitioner.*
*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On June 3, 2022, Linda Butler ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") affecting her right shoulder as a result of an influenza ("flu") vaccination she received on September 11, 2020.  (ECF No 1.)  In a Finding of Fact, filed on January 23, 2026, I concluded that petitioner received the subject vaccination in her right arm as alleged and that onset of petitioner's shoulder pain occurred within 48 hours of vaccination.  (ECF No. 49.)  Thereafter, on March 24, 2026, respondent filed an amended Rule 4(c) report, in which he stated that, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."  (ECF No. 52.)

On March 26, 2026, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA.  (ECF No. 53.)  On May 26, 2026, respondent filed a proffer

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum payment of $35,020.00, representing $35,000.00 in pain and suffering and $20.00 in past unreimbursable expenses. (ECF No. 57.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $35,020.00, representing $35,000.00 in pain and suffering and $20.00 in past unreimbusable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Linda Butler.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|                                         |                                      |
| --------------------------------------- | ------------------------------------ |
| LINDA BUTLER,                           |                                      |
| Petitioner,                             |                                      |
| v.                                      | No. 22-613V                          |
|                                         | Special Master Daniel T. Horner      |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF                                  |
| Respondent.                             |                                      |

## PROFFER ON AWARD OF COMPENSATION[1]

On June 3, 2022, Linda Butler ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act"). She alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of an influenza vaccine administered on September 11, 2020. *See* Petition at 1.

On March 26, 2026, Special Master Horner issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury.[2] *See* ECF No. 53.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 26, 2026 entitlement ruling.

A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$35,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$20.00.**  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment, as described below, and request that the Special Master's decision and the

Court's judgment award the following:[3]

> A lump sum payment of **$35,020.00** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Linda Butler.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

            Respectfully submitted,

            BRETT A. SHUMATE
            Assistant Attorney General

            JONATHAN D. GUYNN
            Acting Director
            Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JENNIFER L. REYNAUD
Assistant Director
Torts Branch, Civil Division

s/ MADELYN E. WEEKS
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3262
madelyn.e.weeks@usdoj.gov

Dated:  May 26, 2026

## CERTIFICATE OF SERVICE

I certify that today, May 26, 2026, a copy of the foregoing pleading will be served by electronic mail to Laura Levenberg at laura@mullerbrazil.com and erik@mullerbrazil.com.

s/ MADELYN E. WEEKS
MADELYN E. WEEKS